Longino *et al. v.* Latham, administrator.

A public sale of land by an administrator, under the description of "a certain tract or parcel of land situated in the 9th district of originally Fayette, now Campbell county, Ga., being one hundred and sixty-five acres of lot of land No. 129, being all of said lot of land except thirty-seven acres in the northeast corner of said lot," is a sale by the tract and not by the acre; and a deficiency in the number of acres specified, there being no fraud alleged, is no ground for making any deduction from the amount of the purchaser's bid, that amount being a gross sum for the whole tract or parcel sold.    *Judgment affirmed.*

November 6, 1893.

· Complaint on note.    Before Judge Westmoreland. City court of Atlanta.    May term, 1893.

The administrator of Fears sued for an unpaid balance on a promissory note which recited that it was "given for purchase money of lot 129 in 9th district of Fayette originally, now Campbell county, Georgia, containing 165 acres." Defendants pleaded that plaintiff, on November 4, 1890, contracted to sell them 165 acres of land, part of land lot 129, in the Red Oak district of Campbell county, for $2,035, of which they were to pay one third cash and give their notes for the balance; that they paid him the $680 cash and gave their note for the balance of $1,355, and he delivered them his written obligation conditioned to make them title to 165 acres of land of said lot, and placed them in possession of a portion of the lot, representing it to contain 165 acres; that afterwards they discovered that said portion contained only 139 and a fraction acres, whereupon they informed plaintiff they would pay no more than the land was worth, or the price agreed on and for which the note was given, abated by the value of the deficiency in land, to wit, twenty-five acres at the price agreed upon, twelve and one third dollars per acre; and when the note was due they paid him $1,140 and declined to pay more until

he could comply with his contract to make them a deed to 165 acres, which he could not do, for his entire estate never had possession of or title to but 140 acres, after deducting from the lot the 37 acres as mentioned in the contract. They prayed a decree requiring plaintiff to deed to them the 140 acres and deliver up their notes cancelled, upon the surrender of the bond for titles.

The plaintiff's petition to the ordinary for leave to sell, the advertisement of sale, and the bond for title given to defendants, all describe the land as quoted in the head-note. There was much testimony for defendants, tending to prove the shortage set up in their plea. From the title papers held by plaintiff's intestate, and from the original plat and grant of the lot from the State, it would seem that said intestate had title to 165 acres. There was testimony (admitted over defendants' objections) that plaintiff announced, at the sale and before the bidding, that he did not know whether the number of acres was correctly stated or not, that he would warrant the title, but would not guarantee the number of acres; though several persons present, who heard other statements he made, testified that they did not remember hearing that just recited. There was a verdict for the plaintiff, and defendants' motion for a new trial was overruled. The grounds of the motion need not be stated here.

DORSEY, BREWSTER & HOWELL, for plaintiffs in error.
THOMAS W. LATHAM and GLENN & SLATON, *contra.*