## PARKS *v.* NORMAN *et al.*, executors.

The controlling question in this case depending upon the admissibility of an amendment, and proof offered thereunder, setting up a parol agreement with reference to a sale of land, and it appearing from the record that a contract was finally consummated by a deed between the parties, the contents of which are not set forth in the record and a knowledge of which is necessary in order for this court to determine the questions involved, an affirmance of the judgment of the court below necessarily follows.

Argued June 7,—Decided July 24, 1899.

Complaint. Before Judge Reese. Hart superior court. September term, 1898.

*J. P. Shannon*, for plaintiff.     *J. N. Worley*, for defendant.

SIMMONS, C. J. Parks purchased of Norman "eighty-three acres of land" at the price of $666.00. After he had paid for it, he had it surveyed and thereby discovered that it contained only sixty-nine acres. He brought an action against Norman to recover $114.00, the difference between the price of eighty-three acres and of the land conveyed, valuing the same at $8.00 per acre. In his petition he alleged that he bought the land by the acre and not by the tract, and on the trial he offered evidence to support these allegations. This evidence was objected to, and was ruled out by the court. Plaintiff then offered an amendment alleging, in substance, that Norman had misrepresented to him the number of acres in the tract, and that, relying on these false representations, he had consummated the trade. He further alleged in this amendment that the mistake in the number of acres was a mutual one, both he and Norman believing that the tract conveyed contained eighty-three acres. On demurrer, the court refused to allow this amendment. At the conclusion of the evidence, the court granted a nonsuit. Plaintiff excepted.

The main and controlling question in the case is whether Parks purchased by the tract or by the acre. If he purchased by the tract and received the deed and paid the purchase-money, the contract was executed, and he could not recover for the deficiency in the number of acres. If he purchased by the acre, he could recover the difference. We have spent hours in reading, over and over, the record in this case, in order to ascertain if it were possible to decide, on the record as brought to this court, the points made in the bill of exceptions. After much reflection, we have found it impossible to decide these questions from the present record. From the scant brief made of the deed from Norman to Parks, it is impossible for us to say whether the purchase was made by the tract or by the acre, or whether Norman sold to Parks with a warranty that there were eighty-three acres in the land conveyed. The conveyance is abstracted in the record as "conveying eighty-three (83) acres of land for an expressed consideration of six hundred and sixty-six dollars;" no further description of the

·land being given.  If the quantity of the land was of the essence of the contract and the deed described it in proper terms, Parks ought to have recovered for the deficiency.  If, however, the land had been sold and the description thereof had been by metes and bounds or by monuments or any other marks capable of identification, and the statement of the number of acres been merely a part of the description, Parks would then have bought by the tract and not by the acre, and could not have recovered for any deficiency in the number of acres.  Nor could he in such case introduce parol evidence to contradict the terms of the deed.  If the deed was as to the matter of description ambiguous, parol evidence might have been admissible to explain its meaning, but there is nothing to show that it was ambiguous, and we are at a loss to determine from the record before us what the truth of the matter is.  As the controlling point in the case was as above stated, it seems to us that a better and fuller description of the terms of the deed should have been incorporated in the record.  It is evident, from the testimony of the surveyor who was introduced as a witness in the case, that there must have been some boundaries given in the deed, for he testified that he surveyed the land conveyed by this deed from Norman to Parks and found that the deed conveyed but sixty-nine acres.  We conclude from this testimony that there must have been some description of the land further than such as is contained in the abstract sent to this court, for otherwise it would have been impossible for him to have located and surveyed the land and found that it contained but sixty-nine acres.  This court can not secure the needed data by sending for a copy of the deed ; for it has been held, in the case of *Elwell* v. *Security Co.*, 101 *Ga.* 496, that " A transcript of a document, introduced in evidence but not incorporated in the brief thereof so as to become a part of the record, can not be properly transmitted to this court.  In such case, such document can be considered here only in so far as its contents, or an abstract thereof, appear in the brief of evidence."  In that case it appears that only a portion of a will had been incorporated in the brief of evidence, and the first division of this court, seeing the necessity of considering the entire will in

order to determine the questions made, ordered a copy of the will to be sent up. When the case was reargued, the point was made that the court had no authority, under the act of 1892 (Civil Code, § 5536, par. 4), to send for any portion of the evidence which had not been incorporated in the brief of evidence and made a part of the record. In the opinion in that case it is said: "This court has full power, where any part of the record has been omitted in the transcript sent here, to send for the same, if it be necessary in the consideration of the case; but where evidence has been introduced upon the trial but not incorporated in the brief of evidence and thereby made a part of the record, this court has no power to send for such omitted portions of the evidence or to consider the same in deciding a case, though it has inadvertently ordered them to be sent up. In the present case, the entire will not having been incorporated in the brief of testimony, the court can not consider it." We are therefore powerless to send for a copy of the deed. Without it, the record is not sufficient to enable the court to decide the questions made, and there must be an affirmance of the judgment of the court below.

*Judgment affirmed. All the Justices concurring.*