### RAWLINGS *v.* COHEN.

LUMPKIN, J.  1. A deed described the land .conveyed as follows: "all that tract or parcel of land lying, being, and situated in the State and County aforesaid, and in the 136th Dist. G. M., and containing two hundred and fifty-nine (259) acres, more or less, and bounded as follows: North by lands of J. W. Slade, G. D. Warthen, and W. L. Knight; East by lands of William Rawlings; South by lands of Wm. Rawlings, and West by lands of W. E. Jordan. The above-described land being the same conveyed by deed to me by R. L. Smith, the 10th November, 1894, and recorded in Clerk's office, Washington County, Nov. 10th, 1894, in Book 'M' folio 509." *Held,* that this was a conveyance by the tract, and not by the acre; and unless the deed should be reformed, there could be no recovery by the vendor from the vendee, because the tract actually contained 345 acres, in the absence of actual fraud on the part of the vendee. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41).

2. While the petition alleged that, as a part of the contract of sale of land, it was agreed between the vendor and vendee that the land should be surveyed and measured, and if there should be less than two hundred and fifty-nine acres, the vendor was to pay back to the vendee such proportionate part of the purchase-money paid as would represent such shortage in the acreage, and that if there should be more than the stated number of acres the purchaser should pay to the vendor the sum of $18 per acre for such excess, yet it was not alleged that such agreement was left out of the deed by accident or mistake, but only the provision that the sale was by the acre and not by the tract; and a reformation was sought on that basis. It was accordingly error to charge as follows: "I charge you that the burden is on the plaintiff in this case to show you by a preponderance of the evidence, the facts and circumstances of the case, that the contract was one by the acre and not by the tract; and he must also show, by the preponderance of the evidence, facts and circumstances, that the deed which he made to the defendant does not speak the real and true contract as between these parties; and he must also show that under the contract the land was to be surveyed and measured so as to ascertain the exact number of acres; and he must also show to you that the contract was by the acre at $18 per acre, and an agreement to survey and measure the land was intended by both the plaintiff and the defendant to be written and inserted in the deed, and

that by oversight, accident, and mistake the contract relative to the surveying and measuring by the acre was left out of the deed."

3. While some of the rulings set out in the other grounds of the motion for a new trial may not have been entirely accurate, they would not require a new trial.     *Judgment reversed. All the Justices concur, except*

EVANS, P. J. I dissent from the ruling made in the second headnote, and from the judgment.

JULY 17, 1915.

Equitable petition. Before Judge Walker. Washington superior court. June 4, 1914.

*Hines & Jordan, J. J. Harris,* and *Hardwick & Wright,* for plaintiff in error. *Evans & Evans,* contra.