*James T. Vocelle* and *L. J. Cowart,* for plaintiff in error.
*S. C. Townsend,* contra.

---

## ROBERTS *v.* GROOVER *et al.*

1. While a trial judge may, within the restrictions prescribed by the Civil Code, § 5926, direct a verdict, this court will in no case reverse a judgment refusing to do so.

2. The excerpts from the charge of the court, set out in divisions two and three of the opinion, are not error for any reason assigned.

3. The evidence, though conflicting, authorized the verdict, and the judge did not err in overruling the motion for new trial.

No. 5039. DECEMBER 17, 1925. REHEARING DENIED JANUARY 16, 1926.

Equitable petition. Before Judge W. E. Thomas. Brooks superior court. June 27, 1925.

*Branch & Snow, John E. Morris Jr.,* and *J. T. Norris,* for plaintiff.

---

Appeal and Error 4 C. J. pp. 834, n. 60; 1023, n. 46.
Boundaries 9 C. J. pp. 292, n. 26, 34; 293, n. 35.
Trial 38 Cyc. pp. 1593, n. 71; 1602, n. 58; 1618, n. 36; 1674, n. 63.

*Stanley S. Bennet* and *Samuel T. Harrell,* for defendants.

HILL, J. This is the third appearance of this case in the Supreme Court. *Roberts* v. *Strickland,* 153 *Ga.* 529 (112 S. E. 560); *Roberts* v. *Groover,* 156 *Ga.* 386 (119 S. E. 696). When the case was first here this court affirmed the judgment of the lower court in refusing an interlocutory injunction. When the case was before this court the second time the judgment of the lower court was reversed for error in sustaining a demurrer to the petition. On the trial of the present case in the lower court a verdict was returned by the jury in favor of the defendants, Denmark Groover and B. R. Strickland. The plaintiff made a motion for new trial, which was overruled, and he excepted. The substance of the petition is set out in 156 *Ga.* 386, supra. The defendants filed an answer to the petition in which they denied the material allegations thereof; and answering specifically the defendants averred that about March, 1920, they sold the property in controversy to the plaintiff, W. W. Roberts Jr., at the sum of $40 per acre, and in order to ascertain the definite number of acres in the tract of land they employed Z. R. Hutchinson, county surveyor of Brooks County, to survey the premises, and he did, on August 14, 1919, make a complete and accurate survey of the premises, giving the courses, metes, and bounds of the property, and when it was sold to the plaintiff the plat so made by Hutchinson was exhibited to the plaintiff and was referred to in the bond for title from the defendants to the plaintiffs; and that a deed made by the defendants to the plaintiff, in accordance with the courses, metes, and bounds on the plat, contains a perfect description of the land to be conveyed. It is averred that the plaintiff and his father went over the lands at least three or four times, and plaintiff knew that there was some nut grass on the land and saw some, and made objections before the purchase of the land, and the defendants emphatically deny that they represented to the plaintiff or any one else that the place was free of nut grass, or that it had "a never-failing branch on it." It is also averred that no complaint about the property was ever made by the plaintiff to the defendants, or either of them, until June, 1921, at which time one of the plaintiff's notes was past due, and the reason advanced by the plaintiff for the failure to pay the note was the fact that he had unwisely held his cotton and lost considerable money by so doing,

and did not have the ready money to pay the note. Defendants aver that they did not practice any artifice or fraud upon the plaintiff nor do anything to prevent an examination or inspection of the premises, and plaintiff did inspect the same repeatedly before he purchased, etc.

1. The first assignment of error is on the refusal of the trial judge, at the conclusion of the evidence in the case, to direct a verdict for the plaintiff. This will not cause a reversal of the judgment. This court has in numerous decisions held that a trial judge may, within the restrictions prescribed by the Civil Code, (1910), § 5926, direct a verdict, but that this court will in no case reverse a judgment refusing to do so. *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576); 10 Park's Code Supp. 1922, note to § 5926, p. 1933.

2. The court charged the jury as follows: "In any event, if you find that the defendants were guilty of fraud as contended by plaintiff, as heretofore stated to you, and that plaintiff was in fact defrauded by such conduct on the part of the defendants, then such guilt as you may find, the plaintiff would still be entitled to a rescission of the contract. If you find in fact there was not a shortage in any respect in acreage as claimed by plaintiff, and if you fail to find that there was any fraud in the case, and you find that the plaintiff was in fact not defrauded, then you would find in favor of the defendants in the case." It is insisted that the above charge was error, because the court had already stressed the question of fraud and the legal principles covering such an issue in the first part of his charge, and the charge complained of gave the jury the impression that the principal claim of the plaintiff was based on fraud instead of on shortage of acreage, as plaintiff contends, and that the charge impressed the jury with the idea that the plaintiff could not recover without establishing that the defendants had been guilty of fraud in connection with the sale of the land in controversy, whereas the chief contention of plaintiff in his pleadings and evidence was to the effect that he was entitled to recover on account of the shortage of acreage in the lots of land in controversy. In view of the pleadings and evidence, the charge complained of is not error for the reason assigned, and was not calculated to confuse or mislead the jury; fraud being one of the issues in the case, and the judge having charged the jury elsewhere on the subject of shortage in the acreage of the land.

3. The court charged the jury as follows: "The court instructs you further, that under the law acquiescence for seven years by acts or the declarations of adjoining landowners will establish a dividing line between such adjoining landowners; acquiescence for the period required by the statute would be conclusive evidence of a previous agreement, though there may in fact have been none; but actual agreement in fact, whether in writing or in parol, takes the place of acquiescence and becomes binding from the time it is made. The court instructs you further, that where a dividing line has been marked and agreed upon by the adjoining landowners and each enters into possession up to said dividing line, that said line becomes the true dividing line between said adjoining landowners, and such parties and those claiming under them are bound by it, no matter when or by whom the line is run." This charge is not error for the reason assigned, that there was no evidence in the case that authorized the giving of such instruction, or for any other reason assigned.

4. Other grounds of the motion for new trial, where error is properly assigned, are without merit.

5. The evidence, though conflicting, authorized the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*