20265. SECURITY LOAN & ABSTRACT COMPANY *v.* MARCHMAN.

JENKINS, P. J. 1. A sale of land under the description, as contained in the deed of conveyance, "all that tract or parcel of land lying and being in the 66th district of Burke County, Georgia, and more particularly described as follows: 120 acres known as the Wilkins place, bounded as follows: north by lands of Sullivan Brothers, east by lands of John Reese, south by lands of C. L. Herrington, and west by lands of John Boyd, and being the same tract of land described in a deed from R. P. Jones to T. D. Jones, recorded in book 15, pages 557-558, in the office of the clerk of superior court, Burke County, Georgia," is a sale of land by the tract, and not by the acre; and a deficiency in the number

of acres specified, there being no fraud alleged, is no ground for an apportionment of the purchase-price. Civil Code (1910), § 4122; *Longino* v. *Latham*, 93 *Ga.* 274 (20 S. E. 308); *Kendall* v. *Wells*, 126 *Ga.* 343 (55 S. E. 41); *Land Trust Co.* v. *Morgan*, 22 *Ga. App.* 388 (55 S. E. 41). See also *Bivins* v. *Tucker*, 41 *Ga. App.* 771 (154 S. E.—). The case of *Roberts* v. *Groover*, 156 *Ga.* 386, 391 (119 S. E. 696), is distinguishable, in that the contract in that case was for the sale of a specified number of acres and fractions of acres, and no reference was made to any tract; whereas in the instant case the deed conveys a "tract or parcel of land," and the specification as to the number of acres contained in the tract, both by necessary construction following the decisions cited, and by the express language of the instrument itself, constituted but a part of the description of the tract. See, in this connection, *Beall* v. *Berkhalter*, 26 *Ga.* 564; *Parks* v. *Norman*, 108 *Ga.* 373, 375 (33 S. E. 1005).

2. In the instant suit on a note given for a portion of the purchase-price of land conveyed by plaintiff to defendant by warranty deed describing the land as set forth in the foregoing division of the syllabus, under the rulings there made, there being no allegation of fraud on the part of the vendor in the sale, the plea of the defendant seeking an apportionment of the purchase-price on account of an alleged deficiency in the number of acres sold set forth no defense, and should have been stricken.        *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 8, 1930.

*Dasher & Carlisle, Joseph Law,* for plaintiff.
*H. Cliff & William J. Hatcher,* for defendant.

