A00A1304. JONES v. BOWEN et al.

(535 SE2d 501)

McMURRAY, Senior Appellate Judge.

On September 30, 1999, appellant-plaintiff John Robert Jones filed the underlying three-count complaint, as amended, against adjoining property owners, appellees-defendants John R. Bowen, Sue Bowen Hendrix, and R. E. Hendrix, in the Superior Court of Candler County. In Count 1, plaintiff alleged that 16.3 acres were transferred to him by warranty deed, though not a part of the acreage particularly described therein, and asked that a survey be ordered to establish the true boundary line between the parties. Counts 2 and 3 sought temporary and permanent injunctions to restrain defendants from further clearing the disputed property as well as compensatory damages for trespass relative to clearing already accomplished thereon and attorney fees and punitive damages, respectively. On November 15, 1999, the superior court granted defendants' motion to dismiss for failure to state a claim upon which relief may be granted and, without objection, granted plaintiff's motion for substitution of a party, substituting plaintiff Jones for his predecessor in title, All South, Inc. In a single enumeration of error, plaintiff appeals the superior court's order granting defendants' motion to dismiss for failure to state a claim.[1] *Held:*

The evidence shows that in January 1999 plaintiff purchased two parcels of land from Dorothy R. Zeitower, Lillian R. Stephenson, and Christopher C. Ryals, having in late 1998 employed George Wil-

---

[1] Plaintiff originally filed the instant appeal in the Supreme Court of Georgia. On February 11, 2000, the Supreme Court transferred the appeal to this Court as involving a boundary line dispute between the parties, and citing *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208), stated, "To the extent this appeal involves issues regarding land, those issues concern a boundary line dispute between the parties, and do not fall within this Court's jurisdiction."

liam Donaldson, a registered surveyor, to survey the property conveyed. The plat of the property prepared by Donaldson, dated December 31, 1998 ("the 1998 plat"), was recorded in the Candler County Courthouse, Plat Book 8, page 85, and later specifically incorporated by reference in the warranty deed which conveyed the property to the plaintiff in January 1999.

Plaintiff avers that shortly after purchasing the property, he discovered a 16.3-acre discrepancy between a 1972 plat of the property and a plat of the property done in 1981 — the former showing the disputed acreage as on his side of the disputed boundary line and the latter showing it on defendants' side. The 1998 plat followed the markers of the 1981 plat. It is uncontroverted that though the disputed acreage was once a part of plaintiff's parcel, it is now a part of defendants' parcel. The parties do not challenge the superior court's finding that "[h]ow or why the boundary line moved is not known."

The warranty deed under which plaintiff claims title, a copy of which plaintiff attached to his complaint, pertinently describes the property as follows:

> All those two certain parcels of land situate lying in a body together in the 1685th G. M. District of Candler County, Georgia and in the aggregate containing 945.064 acres, more or less, all as shown on a plat of survey prepared for John Robert Jones by George William Donaldson, Registered Surveyor, dated December 31, 1998, and of record in Plat Book 8, Page 85, Candler County, Georgia records, to which plat and the record thereof reference is hereby made and incorporated herein and being separately described as follows:
> Parcel One: All that certain . . . parcel of land situate . . . , containing 497.731 acres, more or less, as shown and depicted as Parcel 1A on a plat prepared for John Robert Jones by George William Donaldson, Registered Surveyor and hereinabove made a part of this description by reference. . . .
> Parcel Two: All that certain . . . parcel of land situate . . . containing 447.333 acres, more or less, as shown and depicted as Parcel 1B on a plat prepared for John Robert Jones by George William Donaldson, Registered Surveyor and hereinabove made a part of this description by reference. . . .
> The Grantors intend to convey all of their interest in the tract of land conveyed to Grantors by Executor's and Trustee's Deed, dated February 27, 1997, and recorded in Deed Book 149, Pages 4-5, Candler County, Georgia records,

which has been resurveyed by the aforesaid plat. Said tract of land is described in said deed as containing 996 acres of land, more or less.

Grantors do not warrant the acreage, area, or content of the property conveyed hereby, the location of the boundary lines, or the accuracy of the aforesaid plat.

The property is conveyed "AS IS" "WITH ALL FAULTS," and subject to existing or recorded easements and rights of way, and matters of record. Grantee acknowledges sufficient opportunity to examine, inspect and survey the property.

Plaintiff argues that the foregoing language must be construed in accordance with the intent of plaintiff's predecessors in title — that is, as conveying all of the interest they acquired in the property by means of the executor's and trustee's deed. However, in addition to describing the property conveyed by reference and incorporation of the 1998 plat as resurveyed, the deed on its face states that the 1998 plat reflected all the interest of plaintiff's predecessors in title. That the deed also purported to quantify such interest as one equaling 996 acres, more or less, may not be deemed reflective of an intent to convey 996 acres. Absent an express covenant indicating that a given number of acres are conveyed, a clause as to quantity will be rejected in favor of the actual area if that is ascertainable by metes and bounds description.[2] There is here such a description because a deed incorporating a recorded plat by reference as the legal description has the same effect as if written out in the deed.[3] Moreover, where a deed employs the phrase "more or less" after specifying a particular number of acres, the deed conveys a tract of land[4] binding upon the grantee notwithstanding the specific acreage conveyed thereby unless there is actual fraud on the part of the grantor.[5]

Further, plaintiff's reliance upon *Wooten v. Solomon*[6] for the proposition that "a previous particular description" of property is determinative of the property conveyed under a deed in the event of conflict with the plat with which it is associated is misplaced. To the contrary, the rule in *Wooten* is limited to the deed in which the conflict arises, that is, the particular description of land therein stated

---

[2] *Martin v. Patton*, 225 Ga. App. 157, 164 (2) (483 SE2d 614) (physical precedent only), citing *Collinsville Granite Co. v. Phillips*, 123 Ga. 830, 842 (11) (51 SE 666).

[3] *Reidling v. Holcomb*, 225 Ga. App. 229, 231 (1) (483 SE2d 624).

[4] *Martin v. Patton*, supra at 158, citing *Roberts v. Groover*, 156 Ga. 386, 387 (2) (119 SE 696).

[5] *Kendall v. Wells*, 126 Ga. 343, 344 (1) (55 SE 41); accord *Rawlings v. Cohen*, 143 Ga. 726 (1) (85 SE 851).

[6] 139 Ga. 433, 435 (1) (77 SE 375).

and the associated plat purporting to represent the description.[7] There is here no conflict in that the description of the property conveyed incorporated by reference and the 1998 plat are one and the same.

Plaintiff's remaining argument, made by his amendment to the complaint, is likewise without merit. Assuming without deciding, that plaintiff correctly asserts that the disputed acreage cannot be owned by the defendants because the 1981 plat of the property is not recorded and plaintiff's predecessor in title owned only a one-quarter interest in it, "[t]he expressed description in a deed to realty will not be extended beyond its terms because of a belief by the holder under it that it covered land not embraced in that description. . . ."[8] Thus, plaintiff is entitled to claim only that land which he commissioned surveyed and later purchased upon a description incorporated by reference in the deed upon opportunity to examine, inspect, and survey.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[9]

Plaintiff's complaint, as amended, having failed to establish a basis for relief notwithstanding the provable evidence, the superior court did not err in granting defendants' motion to dismiss in the case sub judice.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2000.

---

[7] Id.

[8] *Harper v. Hesterlee*, 152 Ga. 251 (1) (109 SE 902).

[9] (Citations and punctuation omitted.) *Zager v. Brown*, 242 Ga. App. 427, 429 (530 SE2d 50).

*Thomas A. Nash, Jr.*, for appellant.
*Brown & Livingston, Charles H. Brown*, for appellees.