### 9194. LAND TRUST COMPANY v. MORGAN.

Where land is bargained by the tract, a deficiency in feet can not be apportioned unless the purchaser can show that the transaction was tainted with actual fraud of the seller.

DECIDED MAY 17, 1918.

Complaint; from Fulton superior court—Judge Pendleton. June 21, 1917.

*C. L. Pettigrew*, for plaintiff. *W. O. Wilson*, for defendant.

WADE, C. J. Joseph H. Morgan sold a tract of land to the Land Trust Company for $2,250, and executed to the company a bond for title, wherein the land conveyed was described as follows: "A certain tract or parcel of land, lying and being in the city of Atlanta and described as commencing on the north side of Hunnicutt street at a point ninety-three (93) feet west of Williams

street and extending north along lot No. Eight (8) ninety-two (92) feet; thence west along lots Nos. Ten and Fifteen (10 & 15) ninety-three (93) feet; then south along lot No. Seventeen (17) ninety-two (92) feet to Hunnicutt street; thence east along Hunnicutt street ninety-three (93) feet to the beginning point, the same being lots Nos. Nine and Sixteen as per plat showing the subdivision of the H. C. Thurman property by Rice & Wilson; said lots being a part of land lot No. 79 in the 14th district of Fulton county, Georgia." The vendee paid all of the purchase-money except a small balance. Its petition against the vendor alleged, besides the foregoing facts, that it received 13 per cent. less land than was contracted for, since an actual survey of the tract sold disclosed that the land was only 79 feet deep, whereas the bond for title fixed the depth at 92 feet; that by reason of this shortage in depth there was a breach of the bond in the sum of $319.50, for which amount judgment was prayed. At the conclusion of the evidence for both sides, the court directed a verdict for the defendant. The plaintiff excepts to the overruling of its motion for a new trial, assigning error on the direction of the verdict.

Section 4122 of the Civil Code, provides: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned," etc. It is obvious, therefore, that the controlling question presented by the record in this case is: Does the description of the land contained in the bond for title indicate a sale by the tract, or a sale by the number of feet? Under numerous decisions of the Supreme Court and of this court, some of which are hereinafter briefly referred to, this query is answered in favor of a sale by the tract rather than a sale by feet. That section was not taken from a legislative enactment. One of the earliest cases on the subject is that of *Beall* v. *Berkhalter,* 26 *Ga.* 564 (decided in 1858, before the codification of the laws of this State), holding that "unless the enumeration of the quantity is of the essence of the contract, and not matter of description merely, the covenant of warranty will not be broken by a deficiency in the quantity of land conveyed." The number of feet mentioned in the contract of sale under review was merely matter of description, and not of the essence of the contract. In *Finney* v. *Morris,* 116 *Ga.* 758 (42 S. E. 1020),

it was held: "Where land is sold by the tract and described in the conveyance as so many acres, 'more or less,' a deficiency in the number of acres actually conveyed to the purchaser will not authorize an apportionment in the price agreed to be paid, if the purchaser admits that there was no intentional fraud upon the part of the vendor." In the case under consideration no fraud was alleged or proved. The case of *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41), seems to be on all fours with the case before us. The first headnote of the decision in that case is as follows: "A deed based upon the express consideration of $371 described the land conveyed as follows: 'A certain tract of land in the 8th land district of Colquitt county, Ga., known and described in the plan of said 8th district as part of west half of land lot No. 85 containing fifty (50) acres in the southwest corner of said lot 85, and bounded as follows, to wit: commencing on the south line of said lot 85, on the west side of Georgia Northern Railway Co. railroad and 100 feet from the center of the railroad track, and running west 34 chains along said land line to the southwest corner of said lot 85, thence north along west land line said lot 85 13 chains to stake, thence east 25 chains to within one hundred feet Ga. Northern Ry. track to a stake, thence south along said right of way to place of commencing.' *Held,* that this was a conveyance of land by the tract and not by the acre." See also *Williams* v. *Smith,* 135 *Ga.* 335 (69 S. E. 480); *Goette* v. *Sutton,* 128 *Ga.* 179 (57 S. E. 308); *Montgomery* v. *Robertson,* 134 *Ga.* 66 (67 S. E. 431); *White* v. *Adams,* 7 *Ga. App.* 764 (68 S. E. 271); *Parker* v. *Roberts,* 19 *Ga. App.* 270 (91 S. E. 345). It will be observed, from the decisions cited, that the difficulty arises in determining whether or not the sale is by the tract or by the acre or feet. If the sale is intended to be in gross the authorities are unanimous in holding that the mere mention of acres, or of feet (as in the case under consideration), after certain other description, such as metes and bounds, is not a covenant as to the quantity to be conveyed. The statements in the bond for title as to feet must therefore be treated as mere matter of description, and not as of the essence of the contract, and the purchaser took the risk of the quantity, as there is, according to the record, no intermixture of fraud.

By reference to the description of the land in the bond for title,

quoted above, it will be seen that the tract was described as being bounded by certain named lands or land lots. It is well settled that where a deed refers to well-defined boundaries, the boundaries or monuments must prevail, regardless of whatever else the deed may contain as to course and distances. In *Harris* v. *Hull*, 70 *Ga.* 831, it was held: "Courses and distances and computed contents yield to ascertained boundaries and monuments." Likewise, in *Ford* v. *Williams*, 73 *Ga.* 106, it was held: "Where lines and courses of an adjoining tract are called for as a boundary in a deed or grant, the lines of such deed or grant will be extended to them without regard to distances, provided these lines and courses are sufficiently established." See also in this connection, *Leverett* v. *Bullard*, 121 *Ga.* 534 (2) (49 S. E. 591). In the case of *Georgia R. Co.* v. *Hamilton*, 59 *Ga.* 171, it was held: "Where a deed referring to a plat annexed thereto shows that the land conveyed was bounded on one side by a street, and on the other by the right of way of the plaintiff, the land conveyed by the plaintiff to the defendant in such deed, prima facie extends only from the street to the right of way, though the plat had five hundred feet written thereon as the distance from the street to the right of way, and though the distance between the two points was less than five hundred feet." An inspection of that case shows that it is quite similar to the case now before us in the following particulars: that the controversy was between the parties to the original transaction; that the lot was sold according to a plat; that the distance of the line was marked on the plat, and that the distance between certain points was less than that called for in the conveyance. The decision in that case has never been overruled, modified, or criticised. We hold, therefore, that the sale in the instant case was by the tract or in gross, and not by the acre or feet, and consequently that the deficiency in feet could not be apportioned.

 *Judgment affirmed. Jenkins and Luke, JJ., concur.*