## ROBERTS *et al.·v.* WILSON.

1. Where vendors of land received a part of the purchase-price in cash and the promissory notes of the vendee for the remainder of the purchase-money, and thereupon executed a bond for title, conditioned upon the payment of the notes to convey the tract of land sold, and described it as the whole of lot No. 223, together with other lands, the whole tract included in this tract and the other lands being described as the Red Hill Place, and it was discovered, after the sale of the land, that the ancestor of the vendors through whom the latter derived title had in his lifetime alienated and conveyed a part of lot 223, some twenty acres in quantity, the entire lot consisting of 202½ acres, more or less, the vendee, upon discovering the fact of the prior sale of a part of the lot of land designated, would, in an equitable suit, be entitled to a rescission of the contract of sale, to the return of his purchase-money notes and the repayment of the cash actually paid. The charge of the court complained of in the first ground of the amendment to the motion for new trial, quoted in the opinion, embraced this principle in substance, and is not error for any of the reasons assigned.

2. What is ruled in the preceding headnote disposes of the exceptions to that part of the charge contained in the first ground of the amendment to the motion for a new trial; and in view of what is there ruled, none of the other grounds of the motion were erroneous.

                    No. 2808. MAY 20, 1922.

Equitable petition. Before Judge Littlejohn. Sumter superior court. August 22, 1921.

F. A. Wilson Sr. brought his equitable petition against A. J. Roberts and others, now plaintiffs in error, seeking injunction and

a decree for the rescission of a certain contract for the purchase of land. Petitioner alleged, that he had purchased from the plaintiffs in error lots of land Nos. 223 and 224, each containing 202½ acres, more or less, situated in the 14th district of Lee County, and 26 acres of land from designated lots in the 15th district of Lee County, aggregating 431 acres, more or less, all lying and being in one body and known as the Red Hill Place, which was owned by " the late A. J. Roberts " at the time of his death, for the consideration of $9,697.50, $500 of which was paid in cash, the balance represented by two promissory notes; that, subsequently to the purchase of the land, petitioner learned that the vendors did not own all of lot of land No. 223, but that A. J. Roberts, deceased, before the defendants obtained title to the property had alienated and conveyed, on October 22, 1913, " a tract of land in the southwest corner of lot number two hundred and twenty-three (223), consisting of all the cleared land south of Chokee Creek, consisting of twenty and eight-tenths (20.8) acres; that said 20.8 acres was conveyed to one Johnson, and by him to Hodges; that on learning of this and that the vendors could not make title to said tract of land, petitioner declined to complete the purchase, as he had purchased the whole tract of lots 223 and 224, and as the heirs of said A. J. Roberts, deceased, did not have title to all, he did not wish the remainder;" that he demanded the refunding of the money that had been paid and a rescission of the contract. Certain misdescription of the fractional lots containing 26 acres was also alleged. The defendants denied the allegations set out in the petition; and alleged in their answer, that it was their intention to sell plaintiff the Red Hill Place which was owned and possessed by A. J. Roberts at the time of his death, from whom they inherited the land; that the property was sold to plaintiff as a tract —as the Red Hill tract, containing 431 acres, more or less; that when F. A. Wilson Sr. was shown the property he was not shown that part south and west of Chokee Creek, nor was he told that it belonged to the place; that any mistake that occurred in the description was a mutual mistake; and that the entire tract of land contains more than 431 acres. The jury trying the case returned a verdict for the plaintiff, and that there should be a rescission of the contract and a repayment of the money already paid by petitioner. The defendants made a motion for a new trial, which was overruled, and they excepted.

*E. K. Wilcox* and *W. W. Dykes,* for plaintiffs in error.

*R. L. Maynard,* contra.

BECK, P. J.   (After stating the foregoing facts.)   The motion for a new trial contains the general grounds that the verdict was contrary to the evidence and without evidence to support it; and the first ground of the amendment to the motion assigns error upon the following charge of the court: " Now, after taking the facts as you may find them, if you should find from the testimony or facts of this case that in making a sale of this land, this transaction that is alleged to have been made in this case, that the defendants. or their agents representing them, sold to F. A. Wilson Sr., the plaintiff, the whole of lot No. 223, together with other lands, that in making that sale they were selling lot 223 and all the lands embodied in that lot, and that prior to that sale there had been sold off a portion of lot 223, then the plaintiff in this case, after ascertaining that fact, had a right to rescind this contract; and if you believe that to be the truth of the case, it would be your duty to return a verdict the result of which would be to rescind and relieve him of the contract."   Plaintiffs in error contend that this charge is erroneous, and assign error thereon:   (*a*)   Because the quantity of land lost by the purchaser, and the value thereof, was so small in comparison with the size and agreed value of the entire tract sold, that the plaintiff was not entitled in law to a rescission of the contract of sale.   (*b*)   Because it appeared from the undisputed evidence that the defendants had title to and actually offered to convey to the plaintiff, upon the payment of his purchase-money notes, all of the land except 20.8 acres, and inasmuch as that would have been a substantial compliance with the contract of sale, the plaintiff was not in law entitled to reject the offer and have a rescission of the contract.   (*c*)   Because the instruction complained of required at the hands of the jury a verdict in favor of the plaintiff, irrespective of the quantity of land lost, and notwithstanding it was insignificant as compared with the size of the tract purchased and the relative value was exceedingly small.   (*d*)   Because there was not a sufficient variance between the quantity the plaintiff claimed to have purchased and the quantity the defendants offered to convey to justify a rescission of the contract of sale.   (*e*)   Because said charge withdrew from the jury the question whether or not the defendants had offered substantial

compliance with the contract of sale. (f) Because the defendants did not, by the terms of the bond for title and the description contained therein, agree to sell or convey to the plaintiff any part of lot No. 223 in the 14th district of Lee County, Georgia, or of the other lots or tracts mentioned therein which was not owned and possessed by the late A. J. Roberts at the time of his death, and the 20.8 acres south of Chokee Creek, which the plaintiff claims to have lost, were not included in the contract of sale.

This charge is not error for any of the reasons assigned. It is true that in the bond for title the tract of land sold is referred to as the Red Hill Place, but it is also a binding obligation upon the plaintiffs in error to convey the whole of lot No. 223; the language of the bond for title being " all the whole of lots of land numbers two hundred and twenty-three (223) and two hundred and twenty-four (224), each containing 202½ acres, more or less, and [certain fractional lots described], containing in the aggregate 431 acres, more or less, known as the Red Hill Place, which was owned and possessed by the late A. J. Roberts at the time of his death." If the description of the land sold had described it as " the Red Hill Place owned by A. J. Roberts at the time of his death, containing 431 acres, more or less," and there had been a deficiency in the number of acres not so great as to show fraud, there could have been no rescission, and, if the sale was by the tract, not even an apportionment of price for shortage. The sale here was by the tract, and it was indivisible; certainly as to the two entire lots that were sold. The contract is to sell the whole of lots 223 and 224. It is true that the further description, " known as the Red Hill Place," is added; but this bond for title is not a mere contract for the sale of the Red Hill Place or a tract of land known as the Red Hill Place; it is a distinct agreement for the sale of lot 223, among other lots described; and the description named, " Red Hill Place," applies to the entire tract embracing lots 223, 224, and the fractional lots mentioned above. In entering into the contract to purchase, in making the cash payment and giving his promissory notes for the payment of the remainder of the purchase-price, the petitioner had the right to insist that, while he was purchasing the Red Hill Place, he was purchasing as a part of it two definite tracts of land, one of them being lot No. 223. And where the ancestor of the defendants had, during his lifetime, sold

off a part of one of these tracts of land, and his heirs, coming into the inheritance after the death of the prior owner, made a sale of and contracted to convey the whole of lot No. 223, and it transpired after the sale was made that the heirs could not comply with that contract because the ancestor had sold off a part, the purchaser was equitably entitled to a rescission of the contract, if the purchaser at the time of buying did not know of the sale by the ancestor. In section 4121 of the Code it is said: "The contract of sale may be entire or divisible. If entire, a failure in part voids the whole; if divisible, the voidance is only in proportion and to the extent of the failure. The intention of the parties determines the question of entirety or divisibility." And section 4122, relating to deficiency in the sale of lands, contains the provision: "If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." The sale here, as we have observed above, was by the tract. And ordinarily, in the case of a sale like this, a deficiency in the quantity sold can not be apportioned; the purchaser in such a case can not demand an apportionment unless the deficiency is so gross as to justify the suspicion of willful deception, or mistake amounting to fraud. We do not think that there is any deficiency shown here so gross as to justify an apportionment. And if the sale had been of an entire tract described as the Red Hill Place, and as containing 431 acres, more or less, though there should have been a deficiency of twenty or even a larger number of acres, this would not necessarily have required either a rescission or an apportionment. But where the contract is for the sale of two lots of land, with boundaries, about which there is no mistake, it is not a question of deficiency in the number of acres, where it is shown that the vendors or their ancestor through whom they derived title had sold off a part of one of the two lots thus definitely described; it is a case of failure in part where the contract of sale is entire. And the contract of sale being entire, a failure in part voids the whole. We are construing, of course, the contract as it stands written; and there is no com-

plaint that if there was shown to be a mistake in drawing the contract, that was not properly submitted to the jury. The charge of the court complained of properly submitted the principles of law announced above as applicable to this case.

*Judgment affirmed. All the Justices concur.*