15197.  APPLEBY *et al. v.* TOMLINSON.

Where a purchaser of land sues the seller on account of an alleged deficiency in the quantity of the land, and the deed executed by the vendor (which is attached to and made a part of the petition) shows that the land was sold by the tract and not by the acre, and that the number

of acres was stated in the deed only as a part of the description of the land, and not by way of covenant, and where the petition fails to allege fraud on the part of the vendor, the plaintiff shows no right to recover, and the petition is subject to general demurrer.

DECIDED MARCH 6, 1924.

Action for breach of warranty; from Coffee superior court—Judge Summerall.   October 29, 1923.

*R. A. Moore, Dart & Slater,* for plaintiffs in error.

*Dickerson & Kelley, Casey Thigpen,* contra.

BROYLES, C. J.   This is an action to recover the value of 57½ acres of land—the alleged shortage in land conveyed by the defendants to the plaintiff's deceased husband.   The defendants interposed a general and special demurrer to the petition.   The demurrer was overruled and the defendants excepted pendente lite.   Upon the trial of the case, and at the conclusion of the evidence for both sides, the plaintiff's counsel waived a recovery of the value of 7.8 acres, and thereafter, on motion, the court directed a verdict in favor of the plaintiff for the value of 50 acres.   The defendants made a motion for a new trial, which was overruled, and they excepted.

As we view the case, it is only necessary to discuss the general demurrer to the petition.   It is the settled law of this State, that if a sale of land be by the tract, rather than by the acre, a deficiency in the acreage cannot be apportioned, in the absence of actual fraud on the part of the vendor.   Civil Code (1910), § 4122; *Land Trust Co.* v. *Morgan,* 22 *Ga. App.* 388, and cit.   The petition in the instant case contains no allegations whatever of fraud, or of mutual mistake, or want of knowledge on the part of the vendee, or as to what opportunity he had for knowledge.   The deed which forms the basis of the present suit, and which is attached to and made a part of the petition, states that "the said parties of the first part, for and in consideration of the sum of forty-six hundred dollars in hand paid at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, conveyed, and confirmed, and by these presents do grant, bargain, sell, alien, convey, and confirm unto the said party of the second part, his heirs and assigns, all of the following described *tracts* and *parcels* of land [italics ours], to wit: One hundred seventy-three and four-tenths (173.4) acres of lot of land No. 172 in the sixth district of Coffee County, Georgia, described as

follows : Beginning at the northeast corner of said lot and running west along the north original line 2025 feet; thence south 7 deg. 30′ west 1169 feet to Cypress Branch; south 26 deg. 30′ east along said branch 870 feet; thence south 23 deg. east along said branch 800 feet; then south 31 deg. 30′ west 1530 feet along said branch to corner post; thence 2310 feet east to the east original land line of said lot; thence north along the east original land line 3824 feet to the northeast corner of said lot, the point of beginning. Also fifty-one and four-tenths (51.4) acres of lot of land No. 197 in the sixth district of said county of Coffee, described as follows : Beginning at a point on the west original land line 2808 feet south of the northwest corner of said lot and running west 25 deg. north 1100 feet; thence south 8 deg. north 1050 feet to the run of Carver's Creek; thence south 12 deg. east along the run of Carver's Creek 600 feet; thence west 50 deg. 10′ south 1440 feet; thence west 7 deg. 30′ north 1066 feet to the west original line; and thence north along the west original line of said lot 775 feet to the point of beginning. Also that certain *tract, parcel, or strip of land* lying south and east of a certain 50 acre tract, in the northwest corner of said original land lot No. 197 in said sixth district of said county, owned by Frank McKinnon (or formerly owned by him) containing 15 acres, more or less; said *tract, parcel, or strip of land* lying between the 51.4 acre tract above described and the said 50-acre tract of said McKinnon, the lines thereof being already agreed upon between the coterminous landowners [italics ours].    *The said above and foregoing described tracts of land include all of the land described in and embraced in that certain deed executed and delivered by Mitchel Vickers to the said grantors herein, dated November 12th, 1917, reference to which is made for greater certainty of description* [italics ours]."

In the light of this deed and of the decision of the Supreme Court in *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41), we are constrained to hold that in the instant case the petition shows, as a matter of law, that the sale was by the tract rather than by the acre.    The headnotes of the decision in the *Kendall* case are as follows : "1. A deed based upon the express consideration of $371 described the land conveyed as follows: 'A certain tract of land in the 8th land district of Colquitt county, Ga., known and described in the plan of said 8th district as part of west half of land lot No. 85 contain-

ing fifty (50) acres in the southwest corner of said lot 85, and bounded as follows, to wit: commencing on the south line of said lot 85, on the west side of Georgia Northern Railway Co. railroad and 100 feet from the center of the railroad track, and running west 34 chains along said land line to the southwest corner of said lot 85, thence north along west land line said lot 85 13 chains to stake, thence east 25 chains to within one hundred feet Ga. Northern Ry. track to a stake, thence south along said right of way to place of commencing.' *Held,* that this was a conveyance of land by the tract and not by the acre.    2.    Where land has been sold and conveyed by the tract, the number of acres being mentioned in the deed only as part of the description and not by way of covenant, in the absence of actual fraud no recovery can be had by the purchaser against the vendor on account of a deficiency in quantity. 3.    The allegations of the declaration were not sufficient on the subject of fraud, or want of knowledge by the vendee, or what opportunity he had for knowledge."

It follows from what has been said that the court erred in overruling the general demurrer to the petition, and this error rendered the further proceedings in the case nugatory.

*Judgment reversed.    Luke and Bloodworth, JJ., concur.*