## RIEHLE *v.* BANK OF BULLOCHVILLE.

Where a purchaser of land went into possession of a part of it under a bond for title from the vendor, and was sued in a city court upon a promissory note representing unpaid purchase-money, he could set up in that court the defense that he was not in possession of a part of the land, and that the vendor could not make good title thereto, and that in consequence of the defect in the title of the vendor to a part of the land the defendant was entitled to a reduction of the purchase-price.

(*a*) The city court had jurisdiction to entertain such a defense.

(*b*) The suit was not such a suit "respecting titles to land" as would deprive the city court of jurisdiction to try the case.

No. 4032. APRIL 22, 1924.

Petition for injunction. Before Judge Roop. Meriwether superior court. October 13, 1923.

*H. H. Revill,* for plaintiff.

*N. F. Culpepper,* for defendant.

BECK, P. J. This case arose out of a contract for the purchase and sale of land, in which the defendant in error sold to the plaintiff in error a certain factory,' including the real estate on which it was located, agreed to put the plaintiff in error in possession of the same, and executed a bond for title, the conditions of which were that upon the payment of the purchase-money the defendant in error would execute good and sufficient title to the plaintiff in error. The plaintiff in error gave a promissory note for $3,000 falling due March 15, 1923, and also made a cash payment of $2,000. After the note became due the defendant in error brought suit on the same in the city court of Greenville, to which the plaintiff in error filed his plea and answer, alleging that he had made a tender of the money due on said note to defendant in error on the day the note was due, and asked that a deed be given him in accordance with the bond for title, and that the defendant in error refused to accept the money for the reason it could not give title to the property that it agreed by the bond to convey to plaintiff in error. Plaintiff in error also set up, in his answer to the suit, that he was not in possession of certain portions of the property, and asked an abatement in the purchase-price. Thereafter plaintiff in error filed a petition in the superior court of Meriwether County, setting up that he had bought from the defendant in error the property heretofore referred to, the same being real estate; that the defendant in error had given him a bond for title to convey the same on the payment of the note given for balance of purchase-money; that before the bringing of this petition and before the filing of the suit in the city court the plaintiff in error made a tender of the purchase-money unconditionally, and asked for a title in accordance with the contract; all of which defendant in error failed to accept and do. Petitioner prayed he have specific performance, etc.; that he be put in possession of the property according to the terms of the contract; and that the defendant be required to execute good and sufficient title, as it was bound to do, and in the event it should be found that the defendant in error could not perform his contract by reason of it being impossible for it to do so, then plaintiff in error asked for damages for the breach of the contract, and that the defendant in error be enjoined from proceeding with the case in the city court, and that the case in the city court be consoli-

dated with the one in the superior court, and all issues between the parties be settled in that suit, on the ground that the city court could not give adequate equitable relief and adjust all the issues between the parties in one case, to avoid a multiplicity of suits and end the controversy between the parties by the decree of the court which had ample jurisdiction in equity to settle all the matters and claims between them at one time and in one suit.

The court below granted a temporary restraining order, and on the hearing at a later date dissolved the restraining order and declined to consolidate the two cases and to give equitable relief, on the ground that the plaintiff in error had, in the city court, a forum with adequate powers to protect his rights.

We are of the opinion that the court did not err in refusing an injunction in this case. The plaintiff in error was, according to the allegations in his petition, in possession of a part of the land and buildings thereon which the defendant in error, under the terms of the bond for title, was bound to convey. The petitioner does not pray for rescission of the contract and offer to restore the status quo. As is inferable from his petition, and as stated in the brief of his counsel, he is desirous of keeping the property. Section 4124 of the Civil Code provides: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." Petitioner does not claim a rescission of the entire contract. But the statute also provides that he may claim and have allowed a reduction of the price, according to the relative value of the land lost. And he is claiming here the benefit of this last provision in case he can not be put in possession of the land lost. If it be true that he is not in possession of a part of "lot number 5 block D," and the defendant, the vendor, can not put him in possession of that, or if he is not in possession of other parts of the land included in the bond for title and he loses such portions of the land, he will be entitled to an abatement of the purchase-price. But this abatement and reduction of the purchase-price he can obtain upon proper pleadings in the city court. The suit is not such a suit respecting title to land as to deprive the city court of jurisdiction to try the case made by that suit upon a note for the purchase-money and the plea of the defendant setting up the de-

fense of a loss of a part of the land from defect of title and the consequent right of the defendant in the case in the city court to a reduction of the price according to the relative value of the land lost.

In the case of *Norton* v. *Graham,* 130 *Ga.* 391 (60 S. E. 1049), it was said: "Where the defendant, in a suit in a city court on a note 'for the purchase-money of land, files a plea alleging, that the land is owned by and is in the possession of a third person, and that the plaintiff (the payee of the note) refuses and is unable to make titles to the land to the defendant, and that the note was given and payments on such purchase-money were made to the plaintiff on the faith of his representation that he owned the land and would make a good title thereto to the defendant, which representations were false and fraudulent, and the defendant seeks a recovery of the money paid and a cancellation of the notes—*Held:* (*a*) The city court has jurisdiction to entertain such defense and permit such recovery. (*b*) The suit is not such a suit 'respecting titles to land' as would deprive the city court of jurisdiction to try the case, the title to the land being only incidentally or collaterally involved. (*c*) A final judgment in favor of the defendant in the city court would as effectually relieve him of the obligation to pay the note as would a decree of a court of equity cancelling the note; and a prayer in such plea that the note be cancelled did not make it proper for a court of equity to enjoin such suit and take jurisdiction thereof in order to determine the issues made therein."

Of course we are not passing upon the question of any right of the petitioner in this case to have a rescission of the entire contract under the facts alleged; as we have pointed out, no rescission is prayed. Nor do we pass upon the question made by the evidence as to whether or not the petitioner in the equity suit, the defendant in the suit in the city court, knew and understood that he was getting the land possession of which has been delivered to him, and that the land was sold without reference to the blocks.

*Judgment affirmed. All the Justices concur.*