## HOLLIDAY *et al.* v. ASHFORD.

1. Where land was sold by the tract, and the seller represented to the purchaser that he had good title to the entire tract, and the purchaser acted on such representation, and it later developed that he did not have title to a portion thereof, such representation would entitle the purchaser to rescind the trade.
2. Applying the above principle to the facts of this case, the court erred in sustaining the demurrer to the petition.

No. 5516. JANUARY 13, 1927.

Equitable petition. Before Judge Hutcheson. DeKalb superior court. June 8, 1926.

George H. Holliday filed a petition against W. T. Ashford, and alleged in substance the following: On July 12, 1922, plaintiff and W. B. Reeves bargained with the defendant for the purchase from him of a certain described tract of land; plaintiff's purchase of the land described was "by the quantity of land as indicated by the measurements set out in the bond for title referred to in paragraph 2 of plaintiffs' declaration, and that said dimensions were of the essence of your petitioners' contract of purchase." In confirmation of the bargain and sale the defendant issued and

Vendor and Purchaser, 39 Cyc. p. 1311, n. 81; p. 1314, n. 15; p. 1408, n. 15 New; p. 1415, n. 78.

delivered to plaintiff and W. B. Reeves his bond for title to the tract or parcel of land, upon the terms set out in the bond to make and execute to plaintiff and Wm. B. Reeves a good and sufficient title to the described lot or parcel of land. At the time of making the bargain and the execution and delivery to plaintiff and Reeves of the bond for title, plaintiff and Reeves agreed to pay the defendant the sum of $3,500 as the purchase-price of the land, and on said date paid to the defendant the sum of $1,000 in cash, and for the balance of the purchase-price gave to the defendant their three promissory notes dated July 12, 1922, payable as set out in the petition. A copy of the bond for title was attached to the petition. At the time of making the trade and the delivery of the bond for title the defendant represented that he had good title to all of the property described in the bond; and the plaintiff and Reeves had no knowledge to the contrary, and relied and acted on the representations of the defendant in purchasing the property under the bond for title, and making the cash payment and giving notes recited in the bond for title. On April 11, 1923, the interest of Reeves in the bond for title and in the property therein described was transferred for value to plaintiff; and as a part of the consideration of the transfer plaintiff agreed to assume and to pay the defendant the purchase-money notes. Just prior to June 23, 1923, plaintiff had bargained to sell the property described in the bond for title, and in order to make the sale had the property surveyed, and then for the first time discovered that the defendant did not have title to the entire tract or parcel of land sold by him under the bond for title, but that there was an outstanding paramount title in W. A. Baggett to a strip 5.4 feet wide along the western boundary of the described tract or parcel of land. On account of the fact of the shortage in the quantity of land, by reason of which plaintiff could not make title to, nor deliver possession of, the property as described in the bond for title, plaintiff was unable to consummate the sale. Promptly on the discovery of the fact that the defendant did not have good title and could not convey good title to the portion of the property bought from him under the bond for title, plaintiff notified defendant that he would insist on the amount of frontage on Merritts Avenue as described in the bond for title, and refused to make further payment on the purchase-price of the prop-

erty until the defendant was ready to deliver the amount of property called for in the bond for title. The defendant at that time promised that he would adjust the matter in some way and make good his title to the property as described in the bond for title, and continued from time to time to make excuses and to delay plaintiff in insisting upon a rescission of the purchase of the property. Finding that the defendant did nothing towards adjusting the matter of the shortage in the property, plaintiff, on January 7, 1925, made demand upon the defendant to return to him the cash payment of $1,000 paid by plaintiff and Reeves on July 12, 1922, together with the taxes paid on the property in 1923 and 1924, to the amount of $93.80, with 7 per cent. per annum interest on the payments from the date the payments were made. The defendant, upon the demand, stated that he desired further time for the adjustment of the matter, in order to have a survey made for the purpose of determining for his satisfaction his liability in the matter. Plaintiff, desiring to give the defendant every opportunity to assure himself about his liability in the matter, delayed insisting on a compliance with his demand; but the defendant has done nothing towards an adjustment of the matter, and neglects and refuses to comply with plaintiff's demand. Plaintiff has granted to the defendant all reasonable opportunity for adjusting the matter and for complying with plaintiff's demand, and he now elects to rescind the contract of purchase and to insist upon his demand. He is not, and has never been, in possession of the property described in the bond for title. The property was vacant at the time it was sold to plaintiff and Reeves, and now is vacant, except that a 5-½ foot strip hereinbefore referred to along the western boundary of the property was and now is occupied by a portion of the dwelling-house of W. A. Baggett; and the defendant can not put plaintiff in possession of the property, by reason of his lack of title to the 5-½ foot strip of land, and by reason of the paramount title of W. A. Baggett to the strip, and by reason of the encroachment of the dwelling-house of Baggett on said strip. The representation of the defendant that he had good title to the land, and could give a good and sufficient title thereto and the possession of the premises as described, was a legal fraud upon the plaintiff. By reason of the facts herein set out, the defendant is indebted to the plain-

tiff in the sum of $1,000, with interest thereon at 7 per cent. per annum and the further sum of $93.80 paid out by plaintiff as taxes on the property. Plaintiff prays that the sale be canceled and rescinded, and that his notes given to the defendant for the purchase-money of the property be delivered up and canceled; that plaintiff recover of the defendant judgment for the sums stated, etc. By intervention Reeves became a plaintiff, and adopted the petition as his own.

The defendant filed a demurrer on the grounds, that the petition sets forth no cause of action in law or equity; that it shows upon its face that no legal tender has been made to the defendant, that the plaintiff has not done equity towards the defendant, and that the plaintiff has waited an unreasonable period of time to seek equitable relief; that the petition shows no effort on the part of the plaintiff to comply with his contract of purchase, by tendering the balance of the purchase-money which would entitle him to a deed to the land; that the allegations do not set forth a cause of rescission of the contract upon the ground of fraud or otherwise; that the petition fails to set forth facts sufficient to constitute fraud, legal or otherwise; and that it is nowhere shown that defendant has breached any obligation, moral or legal. The court sustained the demurrer, and the plaintiffs excepted.

*McElreath & Scott,* for plaintiffs.

*Augustine Sams,* for defendant.

HILL, J. (After stating the foregoing facts.) The Civil Code (1910), § 4122, provides: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." It will be seen that this section of the code provides that "if the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned." In the present case the description of the land is by metes and bounds, as follows: "Beginning at a point on the south side of Merritts Avenue, one hun-

dred sixty (160) feet west from the southwest corner of Merritts Avenue and Fort Street (now called Bedford Place), running thence west on the south side of Merritts Avenue one hundred fourteen and ten twelfths (114-10/12) feet to line of property sold by Ashford to W. B. Disbro; thence south one hundred ninety-six and one tenth (196.1) feet to a twenty (20)-foot alley; thence east along the north side of said alley sixteen and ten twelfths (16-10/12) feet; thence in a northerly direction thirty-five and six tenths (35.6) feet to the northwest corner of twenty (20)-foot and a sixteen (16)-foot alley; thence east along the north side of said sixteen (16)-foot alley ninety-eight (98) feet; thence north to south side of said Merritts Avenue to point of beginning, one hundred sixty and one half (160-½) feet; being part of the property deeded to W. T. Ashford March 24, 1908, by Hugh T. Inman, recorded March 27, 1908, in Book 237, page 443, Fulton County records." From the above description of the land it will be seen that the conveyance of the land was by the tract. *Longino* v. *Latham,* 93 *Ga.* 274 (20 S. E. 308); *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41); *Land Trust Co.* v. *Morgan,* 22 *Ga. App.* 388 (95 S. E. 1006). The Civil Code (1910), § 4124, provides: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land."

Construing these two sections of the code together, it would seem that where the purchaser loses part of the land from a defect in the title, or where there is a deficiency in land sold by the tract, he may sue for a rescission of the contract of sale in a proper case. Civil Code (1910), § 4124; *Riehle* v. *Bank of Bullochville,* 158 *Ga.* 171 (123 S. E. 124); *Roberts* v. *Wilson,* 153 *Ga.* 538 (112 S. E. 451). From the foregoing we are of the opinion that the petition set out a cause of action, and that the judge erred in sustaining the demurrer.

*Judgment reversed. All the Justices concur.*