ASHFORD *v.* HOLLIDAY *et al.*

238

No. 6952. October 4, 1929.

*Augustine Sams* and *C. H. Feagan,* for plaintiff in error.
*McElreath & Scott,* contra.

Beck, P. J.   From the report of this case found in 163 *Ga.* 505 (136 S. E. 524), it will be seen that the conveyance of the land in question here was by the tract; and it was ruled that section 4124 of the Civil Code of 1910 is applicable to the facts of this case.   That section reads as follows:   "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land."   And applying the section of the Code quoted, it was in effect held that if there was a deficiency in the land sold by the defendant to the plaintiffs in the present case, the vendees had the right to rescission of the sale.

■   Under the evidence the jury were authorized to find that the plaintiffs were not guilty of such laches as would bar their recovery.

■   It is not necessary that the evidence for petitioners should show actual fraud on the part of the vendor.

■   The fact that the court charged the jury upon the subject of actual fraud as well as upon constructive fraud was not injurious to the defendant.   It put a heavier burden of proof upon the plaintiffs than the law imposes in a case like this, but the defendant could not complain of that.

■   The court did not err in refusing a request to give in charge to the jury the following:   "I charge you that a person who has elected to adopt one of two or more optional and inconsistent remedies will not thereafter be allowed to change his course and

pursue a remedy inconsistent with his first election." This was not applicable to any material issue in the case.

■ Nor did the court err in refusing a request to give the following in charge: "If you find from a preponderance of the evidence in this case that the plaintiff, George Holliday, elected to demand a delivery of the property called for in the bond for title, he will not thereafter be allowed to change his course and demand a rescission of the contract as evidenced by the bond; and in such event the plaintiffs would not be entitled to a rescission." The fact that petitioner demanded a delivery of the property called for in the bond for title did not prevent his bringing suit for a rescission of the contract of sale as evidenced by the bond and maintaining that suit, if it appeared that the defendant could not convey all of the property which he had contracted to sell and convey, because of an outstanding title to a part of it in another person.

■ The court did not err in giving an appropriate charge upon the subject of establishing a dividing line by acquiescence for the statutory period. In view of the evidence and the issues made thereby, a charge upon this subject was pertinent, and the charge as given is not criticised upon the ground that it did not state a correct principle of law.

■ Whether there was a deficiency in the tract of land sold, under the contract in this case, depended upon whether a third person, a coterminous owner, had acquired title to a strip of land on one side of the lot sold, in consequence of the establishment of a dividing line by acquiescence, or had acquired title to such strip by prescription in virtue of open and adverse possession under color of title for a period of over seven years. The court charged upon the establishment of a dividing line by acquiescence for the statutory period, and, on the subject of prescription, charged as follows: "Title by prescription is the right which a possessor acquires to property by reason of the continuance of his possession for a period of time fixed by the laws. In this connection, I will further define to you what are the prescriptive claims of title in this case." But the court failed to instruct the jury as to what was a sufficient period of time to constitute a good basis for a title by prescription where the occupancy was under color of title, or where it was for a period of years without color of title. The question of a prescriptive title by adverse possession for twenty years without color of title was

not involved in the case; prescription by adverse occupancy for seven years under color of title was involved; and the language quoted from the charge leaves no doubt that the court intended to charge in reference thereto, and to state to the jury the law as contained in section 4169 of the Civil Code, that possession for seven years under written evidence of title shall give title by prescription; but the court nowhere instructed the jury as to the period fixed by the law during which the occupancy must continue under color of title in order that a title by prescription might be given. The court gave, further than as indicated above, no instruction as to title by prescription. In other words, the jury were left without instruction as to what would constitute a prescriptive title claimed in consequence of occupancy under color of title for the statutory period. The failure to charge upon this issue in the case was error, and it can not be held that it was harmless error. Consequently a new trial must be granted.

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*