MARTIN *v.* PEACOCK, administrator, *et al.*

No. 7322. SEPTEMBER 22, 1930.

*J. H. Milner,* for plaintiff.

*E. E. Persons* and *W. S. Mann,* for defendants.

RUSSELL, C. J. Clements and Peacock sold a tract of land within well-defined limits to Butler and Steele, who gave notes payable separately to each vendor for half of the purchase-money. Afterwards Butler sold to Martin his interest in the land, Butler transferring to Martin his interest in the bond for title, and Martin indorsing the purchase-money notes given by Butler. Thereafter Steele sold his interest in this land to Martin and transferred to Martin his interest in the bond for title. Martin paid all the notes given for the purchase-money, except one for $1109.49 due to Peacock. Martin refused to pay this note, because the vendors did not have title to all the land embraced within the boundaries of the tract sold, there being a deficiency of 22.05 acres of the value of $1431.95. Thereupon Peacock sued Martin on the note held by him for part of the purchase-money. Suit was brought against Butler and Steele as makers and Martin as indorser. Peacock dismissed Martin as a party to this suit, and obtained judgment against Butler and Steele. Thereafter Clements and Peacock conveyed the land to Butler and Steele for the purpose of levy and sale. Execution issued upon this judgment was levied upon the

land, and the land advertised for sale. Thereupon Martin filed his bill against Peacock, Clements, Steele, Butler, and Mullis, sheriff, setting up the facts hereinbefore stated, and praying to have set off the value of the land to which the vendors did not have title against the judgment obtained by Peacock against Butler and Steele for balance of the purchase-money, and to restrain the sale of the land. Peacock demurred to Martin's petition. The court sustained the demurrer and dismissed the bill. To this judgment Martin excepted.

When a vendor sells a tract of land with given and well-defined boundaries, and does not have title to all the land embraced within the boundaries, the vendee is entitled to an apportionment and to have set off against the purchase-money the value of any deficiency in the land conveyed. Civil Code (1910), § 4122. The petition set forth an equitable cause of action for adjustment of the controversies between the various parties, and the court erred in sustaining the demurrer.

*Judgment reversed. All the Justices concur.*