DORSETT *v.* ROBERDS *et al.; et vice versa.*

Nos. 8099, 8100. MARCH 13, 1931. REHEARING DENIED APRIL 20, 1931.

*Farr & Richter,* for C. H. Dorsett.   *Cobb & Bright,* contra.

GILBERT, J. ■  A deed to land containing the following description: "All that certain lot, tract, or parcel of land situate, lying, and being in said county and State on the Louisville Road about six (6) miles from the City of Savannah and containing seventy (70) acres, more or less, and consisting of that certain tract containing eighty (80) acres, more or less, being bounded on the north by the Louisville Road, on the east by lands now or formerly belonging to the estate of Wetter and Telfair, on the south by the right of way of the Seaboard Air-Line Railroad, and on the west by lands of Mary J. Bodeford, excepting from said eighty (80) acres ten (10) acres being on the northeast corner of said eighty (80) acres, and having a width on the Louisville Road of three hundred and twenty-five (325) feet and a rectangular depth on its eastern line of thirteen hundred and eighty-six (1386) feet and a width on its southern line of three hundred and sixteen and twenty-five one hundredths (316.25) feet," is a sale by the tract, and not by the acre. In Devlin on Real Estate (3d ed.), § 1044, it is said: "In the description of lands it is usual, after the description by metes and bounds or subdivisions, to add a clause stating that the

land described contained so many acres. But unless there is an express covenant that there is the quantity of land mentioned, the clause as to quantity is considered simply as a part of the description, and will be rejected if it is inconsistent with the actual area, when the same is capable of being ascertained by monuments and boundaries. The mention of the quantity of land conveyed may aid in defining the premises, but it can not control the rest of the description. Neither party has a remedy against the other for the excess or deficiency, unless the difference is so great as to afford a presumption of fraud." As was said in *Kendall* v. *Wells*, 126 *Ga.* 344 (supra), "The language may be such, however, as to make quantity the controlling element in the description." See authorities cited.

■■■■ These headnotes do not require elaboration.

■ On the trial of the case, at the request of the defendant, the court required the jury to find specially upon nine questions submitted. These questions, with the answers are:

1. Should the deed be reformed as prayed? Yes.

2. Was any representation made by defendant as to number of acres known by him to be false and fraudulent? No.

3. Was such representation made with intent to mislead and deceive the plaintiffs? No.

4. Did the plaintiffs before agreeing to buy have as good opportunity for knowing the truth as the defendant? No.

5. What was the deficiency in acreage? 7 acres.

6. What was its value? $600.00.

7. Did the plaintiffs before buying have sufficient opportunity to examine the premises? Yes.

8. Did they examine the premises before buying? Yes.

9. What did the defendant do to prevent them from examining the premises? Nothing.

To these the court voluntarily added the further question, "Should a permanent injunction be granted?" which was answered "Yes." The several findings of fact by the jury are to the effect that the defendant sold to the plaintiffs a body of land by the tract, without the qualifying words, "more or less," as to the number of acres, which was represented to be seventy; that there was a deficiency of seven acres of the value of $600, but this deficiency was without actual fraud on the part of the defendant; that the plain-

tiffs had equal opportunity to examine the land and to ascertain the number of acres without interference by the defendant. In these circumstances the question is whether the court was authorized to enter a decree cancelling the balance of indebtedness due by plaintiffs to the defendant, and enjoining the defendant from proceeding in any manner to collect said balance. This decree was equivalent to awarding damages of $600 to the plaintiffs, as an apportionment of the purchase-price of the land, on account of the shortage. The Civil Code (1910), § 4122, provides as follows: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. *If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned.* If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." This court has construed that section to mean that such sales by the tract or entire body, where the description of the quantity of land is not qualified by the words "more or less," can not be apportioned, in the absence of actual fraud. *Parks* v. *Norman*, 108 *Ga.* 373, 374 (33 S. E. 1005); *Kendall* v. *Wells*, supra; *Ruff* v. *Copeland*, 137 *Ga.* 56 (72 S. E. 506). In *Kendall* v. *Wells*, the following was quoted from Warvelle on Vendors: "Where a sale is of a specific tract by name or description, each party taking the risk of quantity, the sale is said to be in gross. These sales may be classified as follows: (1) Sales strictly and essentially by the tract without reference in the negotiation or in the consideration to any designated or estimated quantity of acres. (2) Sales of the like kind, in which, though a supposed quantity by estimation is mentioned or referred to in the contract, the reference is made only for the purpose of description, and under such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity whatever it might be, or how much soever it might exceed or fall short of that which was mentioned in the contract. (3) Sales in which it is evident from extraneous circumstances of locality, value, price, time, and the contract and conversation of the parties, they did not contemplate or intend to risk more than the usual rates of excess or

deficiency in similar cases or than such as might reasonably be calculated on as within the range of ordinary contingency. (4) Sales which, though technically deemed and denominated sales in gross, are in fact sales by the acre, and so understood by the parties. Contracts belonging to either of the two first-mentioned classes, whether executed or executory, are not susceptible of modification or rescission, in the absence of fraud; but in sales of either of the latter kinds an unreasonable surplus or deficit may entitle the injured party to relief unless he has by his conduct waived or forfeited his equity." Therefore the court erred in rendering a decree which amounted to an apportionment of the purchase-price to the plaintiffs.

■ As the judgment is reversed it is necessary to decide the question raised in the cross-bill of exceptions. Error is there assigned on the judgment sustaining the demurrer to the third amendment offered to the petition, which sought a rescission of the original contract. This ruling should not be confused as conflicting with that class of cases to which Civil Code (1910) § 4124 applies. That section is as follows: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." It applies where one purchases land described by metes and bounds, and where he fails to receive title and possession to a portion or fraction of the land actually lying within the described boundaries, because it develops that some one else has title to such portion or fraction. One of such cases was *Holliday* v. *Ashford,* 163 *Ga.* 505 (136 S. E. 524). The present case differs from that class of cases in that the purchaser receives all of the land within the described boundaries, but the quantity of land therein, by actual survey, is less than the quantity named in the deed of conveyance. In the latter case just described, which applies to the case now under consideration, where both parties acted in good faith, the purchaser can not rescind. *Kendall* v. *Wells,* supra; *Williams* v. *Smith,* 135 *Ga.* 335 (69 S. E. 480). It follows that the court did not err in sustaining the demurrer, thus refusing to allow the amendment.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*