MILLER *et al* v. MINHINNETTE.

No. 12087. JANUARY 15, 1938. REHEARING DENIED FEBRUARY 18, 1938.

**494**

*Maddox, Matthews & Owens,* for plaintiffs in error.

*Maddox & Griffin,* contra.

GRICE, Justice. ■ ■ The first and second headnotes, taken in connection with the statement of facts, sufficiently indicate, we think, our rulings on the points therein stated.

■ The dominant issue on the trial of this case was as to the amount to be deducted from the purchase-price on account of the defect in the title to two of the lots. The court left it to the jury to determine from the evidence whether or not the trade as contemplated by the parties was a trade for the eight lots as a tract, or whether it was a sale by lot at four hundred dollars each, and instructed them that if it was a sale by the lot, Minhinnette would be entitled to a credit of eight hundred dollars. There were eight lots, and the total purchase price was thirty-two hundred dollars. The court also charged the jury that if they found that the land was sold by tract and not by lot, then to look to the evidence and see what was the value of the two lots. The judge evidently had in mind Code § 29-201, so much of which as is pertinent here being as follows: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned." That section deals only with a deficiency in the amount of land. The expressions are, "a deficiency in the number of acres," "a deficiency in the quantity sold." It is only when the deficiency is of the character stated that it becomes material to inquire whether or not it was a sale by the tract. There is no complaint here that there is any shortage in the acreage. Instead, the pleadings assert, and the testimony tends to prove, that the purchaser lost two of the lots included within his purchase on account of a defect of title. In such a case, the applicable principle is that contained in the Code, § 29-202, to wit: "If the purchaser loses part of the land from defect of title, he may

claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." Nothing to the contrary was ruled in *Holliday* v. *Ashford,* 163 *Ga.* 505 (136 S. E. 524). In that case there was an outstanding paramount title in a third person, and the prayer was that the sale be canceled and rescinded. Here, the purchaser not having asked for rescission, but for a reduction of the price, he should have been limited as to that to the relative value of the land so lost. There was evidence tending to show that the two forty-acre lots were worth considerably less than four hundred dollars. The error into which the court below fell was appropriately taken advantage of by plaintiff in error in several of the grounds of the motion. A new trial should have been granted.

*Judgment reversed. All the Justices concur.*