### 30255. POPE *v.* WILLIAMS.

DECIDED MARCH 2, 1944.   ADHERED TO ON REHEARING MARCH 24, 1944.

836

*R. A. Moore, L. L. Forchheimer, D. C. Sapp,* for plaintiff in error.

*Heath & Heath, H. J. Quincey,* contra.

FELTON, J. ■ It was not error to overrule the special demurrers, which were filed after the return term. *Smith* v. *Aultman,* 30 *Ga. App.* 507 (118 S. E. 459). The amendment to the answer did not change the defense, or add a new one, so as to open the answer to special demurrers.

■ (*a*) It was not error to overrule the general demurrer. The Code, § 29-201, relating to an apportionment of price in case of a deficiency in the quantity of lands conveyed, has no application under the facts of this case. Section 29-202 does. That section reads: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." Where a purchaser under a bond for title does not hold possession of all the land described in the bond, and is sued on notes representing the unpaid purchase-price, he is permitted to set up as a defense the fact that he holds possession of only a part of the land; that the vendor can not make title to the other part; and that as a consequence of the defect in the title he is entitled to a reduction in the purchase-price. *Riehle* v. *Bank of Bullochville,* 158 *Ga.* 171 (123 S. E. 124); *Puckett* v. *Jones,* 36 *Ga. App.* 253 (136 S. E. 462); *O'Farrell* v. *Willoughby,* 171 *Ga.* 149 (154 S. E. 911); *Satterfield* v. *Spier,* 114 *Ga.* 127 (39 S. E. 930); *Holliday* v. *Ashford,* 163 *Ga.* 505 (136 S. E. 524). The allegations in the answer take this case out of the rule that a purchaser under a bond for title may not seek a reduction in price because of defective title while remaining in possession of all the land covered by the bond, on the theory that such purchaser's remedy is for a breach of the bond only after eviction. The allegations also take the case out of the rule that fraud has to be shown in order to obtain a re-

duction or apportionment in price under the Code, § 29-201. Therefore the answer was not subject to general demurrer on the ground that it failed to allege fraud or to set up an equitable reason why a court of equity should grant relief in such an action, such as insolvency, or non-residence, or that the city court did not have jurisdiction of such a defense. A city court has jurisdiction of such a defense as is here asserted, the same being purely a legal one. *Riehle* v. *Bank of Bullochville,* supra.

(*b*) The court did not err in overruling the motion for a new trial on the general grounds. The evidence showed that the plaintiff conveyed the 50-foot lot by warranty deed to the Dixie Realty Finance Company, without reference to the bond for titled held by the defendant. There was no evidence that the finance company had any notice of the defendant's bond for title, nor was the bond for title recorded. Since there was evidence that the defendant did not go into possession of the north part of the lot, this deed conveyed the unqualified title to that part of the lot into possession of which the defendant had not gone, inasmuch as her rights were protected only as to that part of which she was in actual possession. Code, § 85-408. The defendant testified that she never had anything to do with the north half of the lot. The finance company executed and delivered to Joe Martin a warranty deed conveying the following land: "Beginning at the southwest corner of the lands now owned by Joe Martin, on the east side of Coffee Street two hundred seven (207) feet south of Bizell Street; thence running south a distance of twenty-three (23) feet to the lands held under bond for title by Susan Williams, thence running back east a uniform width of twenty-three (23) feet, one hundred eighty-five (185) feet; said tract bounded north by lands of Joe Martin, east by other lands of obligor by established line; south by other lands of obligor, and the lands held by Susan Williams under bond for title; on the west by Coffee Street." The recital in this deed by way of description did not as a matter of law charge Joe Martin with notice of the fact that the twenty-three feet deeded to him was held by Susan Williams under bond for title. See *Patellis* v. *Tanner,* 197 *Ga.* — (29 S. E. 2d, 419). The jury was authorized to find that Joe Martin acquired title to the twenty-three feet conveyed to him immediately upon the delivery of the deed to him, that is, as the jury found; that Susan Williams was

not in possession of the twenty-three feet. There was no evidence that Joe Martin had any other notice that Susan Williams held or purported to hold the twenty-three feet under a bond for title. The defendant was under no duty to guard against prospective prescriptive titles against her because of instruments given by her obligor and her privies in title, forming the basis therefor as to lands covered by her bond of which she had not gone into possession.

■ The special grounds of the motion for new trial, dealing principally with the questions discussed in the preceding division of the opinion, are without merit.

The court did not err in overruling the demurrers to the answer, or in overruling the motion for new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*