36739. COPPAGE *v.* KING.

DECIDED JUNE 18, 1957—REHEARING DENIED JULY 11, 1957.

*Johnson, Hatcher & Meyerson,* for plaintiff in error.

*Hamilton Douglas, Jr., Haas, White & Douglas,* contra.

TOWNSEND, J. ■ It is contended by the plaintiff in error that the description of the property above quoted as contained in the contract of sale shows an intention to sell and purchase by the tract, and that accordingly the case is controlled by Code § 29-201 as follows: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold cannot be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud; in this event, the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." The plaintiff in error contends that because the description of the

property begins with the printed form "All that tract of land" and because it contains at the end the words, "better known as 5915 Greenbrier Road," that the defendant agreed to purchase this address regardless of the courses and boundaries stated in the sale contract. This contention is not tenable for the reason that the boundaries of the lot, as to the distances in feet, are not merely descriptive terms of a sale of land in gross but are an integral part of the contract. Code § 29-202 provides: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." In *Holliday* v. *Ashford,* 163 *Ga.* 505 (136 S. E. 524), s.c., 169 *Ga.* 237 (149 S. E. 790), it was held that the two Code sections must be construed together where one sells to another a city lot described in the bond for title by courses and distances, and where it appears upon subsequent survey that the front footage is 5½ feet less than the described measurement of 196.1 feet, that in such event "it would seem that where the purchaser loses part of the land from a defect in the title, or where there is a deficiency in land sold by the tract, he may sue for a rescission of the contract of sale in a proper case." The plaintiff there obtained a rescission of the contract. In *Foute* v. *Elder,* 109 *Ga.* 713 (35 S. E. 118) a city lot was described in a bond for title as having a depth of 160 feet where in fact it had a depth of only 143 feet. There the buyer sought and obtained an abatement in the purchase price pro tanto, the court holding, headnote 1: "A bond for titles to a tract of land, described as being within certain boundaries and measuring a certain number of feet in width and in depth binds the obligor to make title to the entire tract so described; and if he has no title to a portion of it, this is a breach of the bond, although he did not have title to such portion at the time the bond was executed."

In *Norris* v. *Coffee,* 206 *Ga.* 759 (1) (58 S. E. 2d 812) it was held: "Where a purchaser loses part of the land purchased, from a defect in the title, or where there is a deficiency in land sold by the tract, he may sue for rescission of the contract of sale or for a reduction in the purchase price. Code § 29-202; *Riehle* v. *Bank of Bullochville,* 158 *Ga.* 171 (123 S. E. 124) ; *Roberts* v. *Wil-*

*son,* 153 *Ga.* 538 (112 S. E. 451); *Holliday* v. *Ashford,* 163 *Ga.* 505 (136 S. E. 524). See also *Dorsett* v. *Roberds,* 172 *Ga.* 545, 552 (7) (158 S. E. 236); *O'Farrell* v. *Willoughby,* 171 *Ga.* 149 (154 S. E. 911); *Miller* v. *Minhinnette,* 185 *Ga.* 490, 494 (3) (194 S .E. 425); *Martin* v. *Peacock,* 171 *Ga.* 219 (155 S. E. 182)." The descriptions of the land involved in each of the above cases begin with the words "all that tract or parcel of land," and in the *Norris* case (as shown by examination of the record) wherein it was contended that there was a deficiency of 21 feet in a stated front footage of 150 feet, the description of the boundaries of the lot by courses and distances concludes with the words, "there being located on said lot a dwelling known as No. 207 Fifth Avenue." Accordingly, under the decisions in these cases, it follows that the defendant was entitled to rescind the contract of sale because the vendor was unable to furnish him a marketable title to the land which he agreed to purchase, and which was described in the contract of sale between the parties. There being no conflict of fact regarding this controlling point, it was proper for the trial court to direct a verdict in favor of the defendant.

Of the many cases cited in the excellent brief of the plaintiff in error, most have to do with the question of whether the purchaser was buying by the tract or by the acre, and it is true that where land is bought in gross, a statement that the tract contains a given number of acres is a matter of description only, but this rule has no application where a given quantity of land is described and the seller does not have title to the land within the boundaries stated in the contract. If anything contrary to what is here held appears in *Land Trust Co.* v. *Morgan,* 22 *Ga. App.* 388 (95 S. E. 1006) it must yield to the Supreme Court decisions above cited. However, careful reading of the *Morgan* case reveals that it was controlled by certain features peculiar to the description contained in the bond for title in that case which do not appear in the description in the contract of sale in this case— the description was drawn in reference to a plat, which plat showed the true dimensions of the lot, and the description was also drawn in reference to the lands adjoining its boundaries, so that the court there applied the rule that courses and distances

and computed contents must yield to ascertained boundaries and monuments.

■ The parol testimony of the plaintiff that he told the defendant that the lot depth was "approximately" 200 feet can in no way change or alter the description in the contract of sale which calls for exactly 200 feet. The dimensions of the lot are not stated in the contract as so many feet "more or less" but as so many feet exactly. The language in the contract of sale as follows: "The buyer and seller waive legal description until time of closing" cannot be considered either as a waiver or a modification of that part of the description of the land under which the seller agrees to furnish marketable title to a described lot of land "200 feet deep on both sides." Accordingly, neither this testimony nor these words in the contract can alter the legal conclusion above reached.

■ "Proof that the obligee in the bond for titles knew or had an opportunity to learn that the obligor was not the owner of the entire tract described in the bond does not relieve the obligor of the consequences of his breach, it not appearing that there was any mistake in the description given in the bond." *Foute* v. *Elder,* 109 *Ga.* 713 (2), supra. Accordingly there was no obligation on the defendant purchaser to ascertain in advance that the seller had title to the land warranted in the contract of sale, as contended by the plaintiff in error.

The trial court did not err in granting the motion for a directed verdict.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*