36775.  FARRAR, Executor *v.* VANPELT.

CARLISLE, J.  1.  Code § 29-202 provides as follows: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." As to Code § 29-201, which relates to purchase of land by the tract or by the acre, it was held in *Coppage* v. *King,* 96 *Ga. App.* 192 (99 S. E. 2d 541), as follows: "It is true that where land is bought in gross, a statement that the tract contains a given number of acres is a matter of description only, but this rule has no application where a given quantity of land is described and the seller does not have title to the land within

the boundaries stated in the contract." In *Martin* v. *Peacock,* 171 *Ga.* 219, 220 (155 S. E. 182) it was held: "When a vendor sells a tract of land with given and well-defined boundaries, and does not have title to all the land embraced within the boundaries, the vendee is entitled to an apportionment." See also *Norris* v. *Coffee,* 206 *Ga.* 759 (1) (58 S. E. 2d 812). The plaintiff's deed shows that a 30-acre rectangular strip had been sold from the extreme western boundary of the landlot in question; that the plaintiff's land extended the entire north-south depth of the landlot and his western boundary was the eastern boundary of this 30-acre strip, and that there was an outstanding paramount title to an 11-acre tract in the landlot, the western boundary of which is also the eastern boundary of the 30-acre strip. Since the 11-acre tract under these descriptions necessarily falls within the tract purchased by plaintiff, he is entitled at his election to an apportionment of purchase price because of the partial defect in title. Since this case is controlled by Code § 29-202 instead of Code § 29-201, fraud is not an essential element of the cause of action for an abatement of the purchase price.

2. This ruling is not changed by the fact that the description in the plaintiff's deed concluded with the words, "Being the same property conveyed to B. W. Farrar from Mrs. Geraldine Price, recorded in Book 36, page 13 of the deed records of Chattooga County, Georgia." The allegations of the petition show that Katherine Henly, a common grantor, alienated the 11-acre tract in February, 1940; accordingly, she could not convey it in a subsequent deed dated January, 1942, to the plaintiff's predecessor in title. If the description in the Price deed was wrong, it would not operate to convey more property than the vendor owned, and the plaintiff fails to allege that the Price deed does in fact show that the 11-acre tract was eliminated from the chain of title. Whether, in the event that the descriptions do in fact conflict with each other, the description in the former should prevail over the latter is not before us for decision, but "there is no obligation upon the . . . purchaser to ascertain in advance that the seller had title to the land warranted." See *Coppage* v. *King,* supra.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 16, 1957.

*Earl B. Self, Archibald A. Farrar,* for plaintiff in error.
*Robert Edward Surles,* contra.

R. L. Vanpelt filed an action for breach of warranty of title to land in the Superior Court of Chattooga County against W. B. Farrar, Jr., executor of the estate of B. W. Farrar, seeking a pro rata reduction in the price of a tract of land purchased by the plaintiff from the defendant's testator. General and special demurrers were filed to the petition and, after amendment, all demurrers were overruled, to which order exception is taken.

Briefs of counsel for both parties are in agreement that the sale was of land by the tract. Neither brief argues any ruling on special demurrer. Both are confined solely to the question of whether the plaintiff stated a meritorious cause of action for an abatement of the purchase price, or whether, due to the "more or less" qualification and the "being the same property" reference to another recorded deed contained in the conveyance, together with the failure of the petition to allege fraud, rendered it fatally defective.